ZITRON, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*March 11—April 6, 1926.*

*Taxation: Income taxes: Personal property offset: Partner's share in partnership personalty tax as offset to tax on individual income.*

1. Under sec. 71.21, Stats. 1923 (repealed by sec. 1, ch. 57, Laws of 1925), and sub. (4) (a) (b), sec. 71.02, amending the former law, a partner's proportionate share of the partnership personal property tax may be offset against his income tax. p. 601.

2. A city treasurer, though an administrative officer, must allow such offset where the facts are undisputed, but he may protect himself by testing the matter in court if they are in dispute. p. 601.

APPEAL from a judgment of the circuit court for Milwaukee county: E. RAY STEVENS, Judge. *Affirmed.*

‑ The plaintiff, a resident of the defendant city, was a member of a copartnership there in business against which was assessed·a personal property tax for 1923 of $242.20. His income tax for 1922 was $122.65. His proportionate share of the partnership personal property tax was in excess of his income tax. Before February 1, 1924, and when both taxes were payable, he demanded that he be allowed to offset said proportionate share of the personal property tax against his income tax, presenting to the city treasurer an affidavit showing the fact as to such interest in the copartnership. Upon the treasurer's refusal plaintiff paid the taxes under protest. Thereafter he petitioned the common council for a refund of the income tax; his petition was indefinitely postponed, and this action was brought against the city and its treasurer. The defendants demurred to the complaint alleging said facts. The demurrer was overruled and judgment ordered and entered in favor of plaintiff for the amount of his income tax. Defendants appeal from that judgment.

For the appellants there was a brief by *John M. Niven,* city attorney, and *Walter J. Mattison,* assistant city attorney, and oral argument by *Mr. Mattison.*

For the respondent there was a brief by *Koenig & Koenig* of Milwaukee, and oral argument by *Louis H. Koenig.*

A brief was also filed by *Benjamin Poss* of Milwaukee as *amicus curiæ.*

ESCHWEILER, J. A provision of the income tax law which had been a part thereof continuously until repealed by ch. 57, sec. 1, of the Laws of 1925, viz. sec. 71.21, Stats. (formerly sec. 1087*m*—26), read:

"Any person who shall have paid a tax assessed upon his personal property during any year shall be permitted to present the receipt therefor to the tax·collector, and have the same accepted in the payment of income taxes assessed against such person during said year."

Formerly, and until the going into effect on June 26th of ch. 318 of the Laws of 1923, a firm or copartnership had been defined by the income tax law, sec. 71.02 (formerly sec. 1087*m*—2), and had been treated as an entity, separate and distinct from the individual partners. By said ch. 318 that was changed and a new section then created, 71.02 (4), sub. (a) of which required the computing of the distributive share of each partner in the net income of the partnership and made the members liable for the same only in their individual capacity; and sub. (b) provided that the net income of the partnership shall be computed in the same manner as is income of persons other than corporations, joint-stock companies, or associations. Such change was in accord with what was declared to be the law in *Westby v. Bekkedal,* 172 Wis. 114, 120, 178 N. W. 451, viz.: "a partnership has no entity distinct and apart from the persons who compose it."

The trial court was therefore clearly right in holding that the offset should have been allowed under sec. 71.21, *supra.* To hold otherwise would give an advantage to the sole trader over the member of a partnership, each holding the same amount of personal property and having the same income.

Some contention is made that the city treasurer, being merely an administrative officer, cannot be thus charged with the alleged judicial function of determining questions of ownership that might be thus presented. If there be reason-able grounds to dispute any such assertion the treasurer can amply protect himself by refusing to accede to such request and having it tested in court; but where, as here, the facts are undisputed, there is no more difficulty in the tax collector, who is the officer charged with such offsetting (sec. 71.21, *supra*), allowing an offset based upon a proportionate interest in the personal property tax paid for copartnership

property than when claimed for the personal property tax of the several individuals.

The complaint stating a cause of action, the judgment was therefore properly entered.

*By the Court.*—Judgment affirmed.